J-S20045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARTHUR FERGUSON | : | |
| | : | |
| Appellant | : | No. 1177 EDA 2019 |

Appeal from the PCRA Order Entered March 19, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001856-2009

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: July 30, 2020

Arthur Ferguson appeals from the order entered on March 19, 2019, which dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Ferguson was convicted by a jury of seven counts of aggravated indecent assault, one count of criminal solicitation to commit involuntary deviate sexual intercourse, and eight counts of indecent assault.[1] The victim of his crimes was his daughter's girlfriend, who was 11 years old at the time of trial. The court sentenced Ferguson to an aggregate term of 10 to 20 years' incarceration and eight years of consecutive probation. The court also found Ferguson to be a sexually violent predator and subject to the registration and notification requirements of Megan's Law. Ferguson appealed arguing that the

---

[1] 18 Pa.C.S.A. §§ 3125(b), 902(a) (to commit 3123(b)), and 3126(a)(7), respectively.

trial court erred in admitting hearsay testimony under the tender years exception. We affirmed on August 4, 2011. *See Commonwealth v. Ferguson*, 3052 EDA 2010 (Pa.Super. filed August 4, 2011) (unpublished memorandum). Ferguson did not seek further review in our Supreme Court.

Ferguson then filed a timely *pro se* PCRA petition in December 2011, raising three claims of ineffective assistance of counsel. The claims related to trial counsel's failure to admit the victim's medical records, call an expert regarding those records, and object to the admission of the report of the Commonwealth's medical expert. The PCRA court appointed counsel, who petitioned to withdraw and submitted a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court dismissed the petition in May 2012 and allowed counsel to withdraw. This Court affirmed, finding that Ferguson had waived his claims by filing his Pa.R.A.P. 1925(b) statement late without good cause. *See Commonwealth v. Ferguson*, 1702 EDA 2012 (Pa.Super. filed October 24, 2013) (unpublished memorandum).

Ferguson filed a second PCRA petition in December 2013, alleging that trial counsel was ineffective for, *inter alia*, not calling the doctor who performed the initial exam on the victim and not obtaining a defense expert. The PCRA court dismissed the petition as untimely, and we affirmed. *See Commonwealth v. Ferguson*, 2504 EDA 2014 (Pa.Super. filed September 1, 2015) (unpublished memorandum).

On November 16, 2017, Ferguson filed his third PCRA petition, which is the subject of this appeal. The PCRA court sent Ferguson a Pa.R.Crim.P. 907 notice of intent to dismiss his petition and Ferguson filed a response. The PCRA court dismissed the petition without a hearing and this timely appeal followed. Ferguson raises four issues for our review:

> I.   Did the [t]rial [c]ourt err and commit governmental interference by refusing to allow [d]efense [c]ounsel to present exculpatory evidence?
>
> II.  Was [t]rial [c]ounsel ineffective in his failure to present exculpatory evidence including the calling of expert witnesses?
>
> III. Is [Ferguson's] sentence illegal in regards to [Pennsylvania's Sex Offender Registration and Notification Act ("SORNA")]?
>
> IV.  Did the PCRA [c]ourt err and commit governmental interference by ruling that [Ferguson] was untimely in his PCRA?

Ferguson's Br. at 4.

Before turning to the merits of Ferguson's claims, we must address whether we have jurisdiction to entertain this appeal. The PCRA court entered its order denying Ferguson's PCRA petition on March 19, 2019. Therefore, Ferguson's notice of appeal was due on or before April 18, 2019. **_See_** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). Ferguson submitted his notice of appeal by mail while he was incarcerated and dated it April 11, 2019. Under the prison mailbox rule, courts deem a _pro se_ document "filed" on the date it is placed

in the hands of prison authorities for mailing. **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa.Super. 2011). Therefore, it would appear that Ferguson timely filed his appeal.

However, instead of sending his notice of appeal to the clerk of the lower court, **see** Pa.R.A.P. 902,[2] Ferguson mistakenly "filed" his notice of appeal directly with the PCRA judge. Mailing a document to a judge's chambers does not constitute filing and to "file" a notice of appeal, the appellant at a minimum must deliver the notice of appeal to the clerk of the lower court. **Crawford**, 17 A.3d at 1282. Indeed, "while the prisoner mailbox rule uses the term 'filed,' the document must at least be addressed to a proper filing office within the Unified Judicial System in order to complete the filing." **Id.**

Here, according to the criminal docket, although the PCRA judge received Ferguson's notice of appeal on April 17, 2019, the clerk of court did not receive it until April 22, 2019, making the appeal untimely by four days. Ordinarily, such a failure to file a timely notice of appeal would result in immediate quashal of the appeal. **See** Pa.R.A.P. 903(a). However, the record before us reveals that the PCRA court did not adequately comply with the service requirements of Pa.R.Crim.P. 907(4), when it dismissed the subject PCRA petition. Rule 907(4) provides that when the court dismisses a PCRA

---

[2] Pennsylvania Rule of Appellate Procedure 902 states, in relevant part: "An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal **with the clerk of the lower court** within the time allowed by Rule 903 (time for appeal)." Pa.R.A.P. 902 (emphasis added).

petition without a hearing, it must advise the defendant of the right to appeal and the time for initiating an appeal "by **certified mail, return receipt requested.**" Pa.R.Crim.P. 907(4) (emphasis added).

The March 19, 2019 order dismissing Ferguson's PCRA petition contains a notation that the order was served on the parties via first-class mail, not by "certified mail, return receipt requested," as Rule 907 requires. The criminal docket likewise indicates that the court served the order by first-class mail. Therefore, there is no indication in the record of when Ferguson actually received notice of his right to file an appeal or the time within which to do so. In these circumstances, we decline to quash Ferguson's appeal as untimely due to the PCRA court's failure to follow the directives of Rule 907. *See Commonwealth v. Khalil*, 806 A.2d 415, 421 (Pa.Super. 2002) (concluding that "[w]e are unable to ignore the failure of the trial court to inform [a]ppellant of his appeal rights, and we are constrained to find that it was the breakdown of the processes of the trial court that caused [a]ppellant's untimely appeal").[3] Accordingly, we will proceed to consider Ferguson's appeal.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*,

---

[3] *See also Commonwealth v. Meehan*, 628 A.2d 1151, 1155 (Pa.Super. 1993) (stating "we cannot say with certainty that the PCRA court's failure to follow the directives of Rule [907] had no effect on appellant's ability to perfect his appeal since he was incarcerated").

207 A.3d 957, 960-61 (Pa.Super. 2019). "We afford the court's factual findings deference unless there is no support for them in the certified record." ***Commonwealth v. Greco***, 203 A.3d 1120, 1123 (Pa.Super. 2019).

All petitions for relief under the PCRA, "including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final." ***Id.*** For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's time-bar is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000). Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Under the rules in effect at the time Ferguson's claims arose, a petitioner had to raise the claim within 60 days of the date the petitioner could have first raised it. *Id.* at § 9545(b)(2).[4]

Instantly, Ferguson's judgment of sentence became final on September 4, 2011, which was 30 days after this Court affirmed his judgment of sentence and the time for him to file a petition for allowance of appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Ferguson therefore had until September 4, 2012 to file a timely PCRA petition, and his instant petition filed on November 16, 2017 is patently untimely. As such, Ferguson was required to plead and prove at least one of the time-bar exceptions. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Ferguson attempts to assert the governmental interference exception to the PCRA time-bar under section 9545(b)(1)(i). Ferguson claims that the trial judge's evidentiary ruling precluded him from introducing a hospital report at trial, which allegedly would have exonerated him. He states this his "plea of governmental interference stems from the [t]rial [c]ourt's abuse of discretion when denying him the opportunity to present exculpatory evidence in the form of [an] original emergency room report which proved the victim's injuries did not occur until [Ferguson] had already been in custody for a substantial amount of time." Ferguson's Br. 11. Ferguson concludes that the "[t]rial court's refusal to allow the exculpatory evidence knowing it was proof of

---

[4] Section 9545(b)(2) was amended to afford a petitioner one year to raise the claim, rather than 60 days. This amendment became effective on December 24, 2018 but only applies to claims arising on or after December 24, 2017. Ferguson's claims arose before that date.

[Ferguson's] innocence, then for it to deny PCRA issue of the same nature, again, with knowledge of its proof of [his] innocence resulted in governmental interference and by controlling law is sufficient to establish exception for timeliness exception." *Id.* at 12.

Ferguson further claims that his trial counsel was ineffective for failing to call the doctor who performed the original examination on the victim, failing to obtain his own expert, and failing to introduce the emergency room report as exculpatory evidence. *Id.* at 15, 21-23. Ferguson argues that "[h]ad counsel even been remotely effective, he would have properly prepared for [Ferguson's trial] and defense by performing an adequate investigation and his preparation would have allowed the ER report to be introduced as exculpatory evidence, yet he did not and the direct effect was [Ferguson] being found guilty of an offense he is actually innocent of." *Id.* at 22.

In order to establish the governmental interference exception, a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). In other words, a petitioner is required to show that but for the interference of a government actor "he could not have filed his claim earlier." *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

Here, Ferguson's claims in his third PCRA petition were either previously litigated or waived because they were raised on direct appeal or in Ferguson's

first and second PCRA petitions. Moreover, Ferguson fails to identify any "interference by government officials" or explain how any such "interference" prevented him from filing a timely PCRA petition. Furthermore, his claims in his petition that counsel was ineffective do not amount to governmental interference. Defense counsel is not considered a government official for purposes of the governmental interference exception, and in fact, is expressly excluded from the definition of "governmental officials." **See** 42 Pa.C.S.A. § 9545(b)(4); **see also Commonwealth v. Abu-Jamal**, 833 A.2d 719, 725 (Pa. 2003). As such, Ferguson has failed to plead and prove the governmental interference exception to the PCRA time-bar.

Ferguson next contends that he is serving an illegal sentence pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that SORNA registration is punitive in nature and retroactive application of SORNA violates the *Ex Post Facto* Clause). A post-conviction claim that an original sentence is illegal due to the retroactive application of a sexual offender registration requirement is a cognizable claim under the PCRA. **See Greco**, 203 A.3d at 1123. However, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa.Super. 2007) (citation omitted).

In support of his **Muniz** claim, it appears that Ferguson is attempting to assert the newly recognized constitutional right exception to the time-bar under section 9545(b)(1)(iii). The newly recognized constitutional right

exception requires the petitioner to plead and prove that "the right asserted…has been held by [the Supreme Court of the United States or the Supreme Court of Pennsylvania] to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Ferguson claims that his lifetime registration requirements are unconstitutional pursuant to our Supreme Court's decision in **Muniz**. However, neither the Supreme Court of the United States nor the Supreme Court of Pennsylvania has held that **Muniz** applies retroactively. **See Commonwealth v. Murphy**, 180 A.3d 402, 405-06 (Pa.Super. 2018). Accordingly, Ferguson has not satisfied the newly recognized constitutional right exception to the time-bar.

Lastly, Ferguson contends that the PCRA court erred and committed governmental interference by ruling that his PCRA petition was untimely. He argues that a miscarriage of justice occurred by the PCRA court in dismissing his petition without deciding it on the merits. Ferguson's Br. at 30. According to Ferguson, "[n]ot only does [he] maintain his innocense [sic]…but the evidence [he] touches on proves beyond a reasonable doubt that he is innocent of the crimes he is accused of" and "[c]oupled with the actions taken violating [his] due process rights, a manifest injustice has occurred." **Id.** at 36-37.

"This court has determined that in reviewing claims for relief in a second or subsequent collateral attack on a conviction and judgment of sentence, the request will not be entertained unless a strong *prima facie* showing is demonstrated that [] a miscarriage of justice occurred." **Commonwealth v.**

***Fahy***, 737 A.2d 214, 223 (Pa. 1999) (citing ***Commonwealth v. Lawson***, 549 A.2d 107 (Pa. 1988)). "An appellant makes such a *prima facie* case only if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes charged." ***Id.*** (quoting ***Commonwealth v. Morales***, 701 A.2d 516, 520-21 (Pa. 1997)). However, as stated previously, the time requirements under the PCRA are jurisdictional. Therefore, while this Court may consider a timely petition under the miscarriage of justice standard, we have no jurisdiction to address an untimely petition. ***Id.*** Accordingly, Ferguson's claims cannot be considered.

For the foregoing reasons, we conclude that the PCRA court did not err in concluding Ferguson filed an untimely PCRA petition and failed to establish any exception to the time-bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/20

- 11 -